# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For **Revocation of Supervised Release**) |
| v. | Case Number:  06-cr-00512-MSK-01 |
|  | USM Number:  32385-177 |
| MICHAEL ERNEST MAES | Warren R. Williamson, AFPD <br> (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 6, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Participate in Dual Diagnosis Treatment as Directed by the Probation Officer | 11/30/06 |
| 2 | Failure to Participate in Substance Abuse Testing as Directed by the Probation Officer | 11/30/06 |

The defendant is sentenced as provided in pages 3 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

May 8, 2007
Date of Imposition of Judgment

s/Marcia S. Krieger
Signature of Judge

Marcia S. Krieger, U.S. District Judge
Name & Title of Judge

May 10, 2007
Date

DEFENDANT:  MICHAEL ERNEST MAES
CASE NUMBER:  06-cr-00512-MSK-01                                                                Judgment-Page 2 of 7

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Failure to Notify Probation Officer of Change in Residence | 12/06/06 |
| 4 | Failure to Participate in Dual Diagnosis Treatment as Directed by the Probation Officer | 12/06/06 |
| 5 | Failure to Participate in Substance Abuse Testing as Directed by the Probation Officer | 12/08/06 |
| 6 | Failure to Participate in Substance Abuse Testing as Directed by the Probation Officer | 12/27/06 |

DEFENDANT:  MICHAEL ERNEST MAES
CASE NUMBER:  06-cr-00512-MSK-01                                                  Judgment-Page 3 of 7

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Time Served.

## RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                  UNITED STATES MARSHAL

DEFENDANT:  MICHAEL ERNEST MAES
CASE NUMBER:  06-cr-00512-MSK-01                                            Judgment-Page 4 of 7

By_____
                    Deputy United States Marshal

DEFENDANT:  MICHAEL ERNEST MAES
CASE NUMBER:  06-cr-00512-MSK-01                                                               Judgment-Page 5 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of thirty-five (35) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within
15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of  DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT: MICHAEL ERNEST MAES
CASE NUMBER: 06-cr-00512-MSK-01                                                   Judgment-Page 6 of 7

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISION

1. Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution in the amount of $2,660.35, payable to the U.S. District Clerk, 205 East Fifth Avenue, Amarillo, Texas for disbursement. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $150.00 per month until the restitution is paid in full. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3)

2. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Officer

3. The defendant shall provide to the U.S. Probation Officer any requested financial information

4. The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. It is ordered that the defendant contribute to the costs of services at a rate as directed by the probation officer.

5. The defendant shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include prescribed medications by a licensed physician. The defendant is further ordered to contribute to the costs of services at a rate as directed by the probation officer.

DEFENDANT:  MICHAEL ERNEST MAES
CASE NUMBER:  06-cr-00512-MSK-01                                                        Judgment-Page 7 of 7

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 through 6 | $100.00 | $0.00 | $2,660.35 |
| **TOTALS** | $100.00 | $0.00 | $2,660.35 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. District Clerk<br>205 East Fifth Avenue<br>Amarillo, Texas 79101 | $2,660.35 | $2,660.35 | |
| **TOTALS** | $2,660.35 | $2,660.35 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  MICHAEL ERNEST MAES
CASE NUMBER:  06-cr-00512-MSK-01                                                         Judgment-Page 8 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution in the amount of $2,660.35, payable to the U.S. District Clerk, 205 East Fifth Avenue, Amarillo, Texas for disbursement.  If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $150.00 per month until the restitution is paid in full.  Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3)

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.