UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. MICHAEL ERNEST MAES　　　　　　　　　Docket Number: 06-cr-00512-MSK-01

**Petition for Modification of Conditions of Supervised Release**

COMES NOW, Thomas Meyer, probation officer of the court, presenting an official report upon the conduct and attitude of Michael Ernest Maes who was placed on supervision by the Honorable Marcia S. Krieger sitting in the court at Denver, Colorado, on the 8th day of May, 2007, who fixed the period of supervision at thirty-five (35) months, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. Pursuant to the Mandatory Victim Restitution Act of 1996, the defendant shall pay restitution in the amount of $2,660.35, payable to the U.S. District Clerk, 205 East Fifth Avenue, Amarillo, Texas, for disbursement. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $150.00 per month until the restitution is paid in full. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3)
2. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Officer
3. The defendant shall provide to the U.S. Probation Officer any requested financial information
4. The defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. It is ordered that the defendant contribute to the costs of services at a rate as directed by the probation officer.
5. The defendant shall participate in mental health treatment services as directed by the U.S. Probation Officer until successfully discharged. These services may include prescribed medications by a licensed physician. The defendant is further ordered to contribute to the costs at a rate as directed by the probation officer.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the modification of the defendant's conditions of supervised release to include special conditions requiring that: 6. The defendant shall reside in a Residential Reentry Center for a period of up to 60 days to commence as directed by the probation officer, and shall observe the rules of that facility.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this _16th_____ day of April, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Thomas Meyer |
| | Thomas Meyer<br>U.S. Probation Officer |
| *s/ Marcia S. Krieger* | |
| Marcia S. Krieger<br>U.S. District Judge | Place: Denver, Colorado |
| | Date: April 15, 2008 |

**ATTACHMENT**

On September 24, 2007, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on May 8, 2007 (the defendant was in state community corrections custody at that time and remained so until September 21, 2007).

Since commencement of supervised release, the defendant failed to provide urine specimens on November 18, 2007, and February 7, 2008. He also failed to attend substance abuse counseling sessions on November 21, 2007, December 19, 2007, and February 6, 2008.

The defendant submitted positive urine specimens for methamphetamine on January 30, 2008, and February 8, 2008. He informed me that he had used methamphetamine on or about January 30, 2008, and then continued his use of the drug on a daily basis for five days until February 4, 2008, or February 5, 2008.

Due to violations of state parole, he was regressed from non-residential community status to jail status effective February 13, 2008. His state parole violations included failure to pay non-residential program fees, failure to regularly meet with and advise his community corrections case manager of his physical location changes, and failure to maintain employment (he had several short-term periods of employment but nothing stable). He remained in the Denver County jail until again being transferred to the Independence House/Pecos Street Residential Reentry Center (RRC) commencing February 19, 2008, where he continues to reside for 60 days.

In response to these violations, I am seeking a modification of the defendant's conditions of supervision to include a requirement that he reside in the Independence House/South Federal RRC for a period of up to 60 days to commence as soon as possible following his release from the Independence House/Pecos RRC (the state residential community corrections center). The defendant and his attorney have agreed to this proposed modification. It will serve the purpose of giving the defendant additional stability to successfully remain in the community, yet while still being closely monitored to ensure that he is abiding by his conditions of supervised release. The defendant has been steadily employed since March 7, 2008, with MAACO Auto Body and is doing well there, according to his supervisor. Further, he is in a position where he can resume making regular restitution payments now that he has a steady income.

On April 11, 2007, the defendant and his attorney executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision" which waives the right to a hearing and agrees to the proposed modification of the conditions of supervised release. Assistant U.S. Attorney Dave Conner has been consulted and has no objection to the proposed modification.